LANDRIEU, Judge.
This matter is before us on suspensive appeal by Michael Samanie from an adverse judgment of the trial court on a rule to show cause. We are asked to determine whether the trial court correctly decided *515 that a 1982 Mercedes 380 SEL automobile was a gift to Louise Samanie from her former husband, Michael Samanie.
On August 9, 1983, Michael Samanie took Louise Samanie, to whom he was then married, to dinner to celebrate her twenty-sixth birthday. Upon leaving the restaurant, he presented the keys to the Mercedes to her and said “happy birthday.” With the possible exception of an occasional use by Michael Samanie for business purposes, the automobile remained in Louise Samanie’s possession and under her control, even after the couple separated in late December of 1988. Nevertheless, the title to the Mercedes was at all times registered in the name of Samanie & Barnes, a law firm of which Michael Samanie was 80% owner.
Some time after their separation, Louise Samanie placed the automobile with North Shore Benz, Inc. (N.S.B., Inc.) in Covington for the purpose of finding a buyer. However, in March 1990, after informing N.S.B., Inc. that the title to the car was in the name of Samanie & Barnes, Michael Samanie directed an employee to take possession of the automobile in the name of the firm.
On June 6, 1990, Louise Samanie, seeking the return of the Mercedes, filed a rule to show cause against Michael Samanie in the divorce proceedings. After a hearing, the trial court concluded that Michael Sa-manie gave the Mercedes to Louise Sama-nie as a birthday gift and therefore the automobile was her property and must be returned.
Michael Samanie contends here, as he did at the trial level, that the automobile was purchased by the law firm, titled in the name of the law firm, and was not his to give. He claims that Louise Samanie was given only the use of the Mercedes. She, on the other hand, contends that the title to the car lacked real significance in this case since personal automobiles were placed routinely in the firm’s name for tax purposes only, including an automobile Michael Samanie gave to his mother.
Louisiana law states that title to motor vehicles may be transferred between the parties in accordance with the provisions of the Civil Code even though they have not complied with the Vehicle Certificate of Title Law (La.Rev.Stat.Ann. § 32:701 et seq. (West 1989)). Touchet v. Guidry, 550 So.2d 308, 313 (La.App.3d Cir.1989) (citing Scott v. Continental Ins. Co., 259 So.2d 391, 394 (La.App.2d Cir.1972)); Luke v. Theriot, 195 So.2d 685 (La.App. 1st Cir.1967). The registration of sales of motor vehicles under the Vehicle Certificate of Title is an administrative proceeding which does not bear any essential relationship to transfer of motor vehicles under the provisions of the Civil Code. Scott v. Continental Ins. Co., 259 So.2d at 394. Under the provisions of La.Civ.Code Ann. art. 1539 (West 1987), the manual gift of a corporeal movable accompanied by real delivery is not subject to any formality. Morris v. National Dairy Products Corporation, 160 So.2d 371, 374 (La.App. 4th Cir.1964) Therefore, ownership between parties can change without a transfer of title.
In this case, the trial court concluded that Michael Samanie intended to give and did give Louise Samanie ownership of the Mercedes and not merely the use thereof, notwithstanding the registration of the vehicle in the name of Samanie & Barnes. The standard for our review of the trial court’s ruling is set forth in Rosell v. ESCO, 549 So.2d 840 (La.1989). That opinion does not allow us to disturb reasonable evaluations of credibility and reasonable inferences of fact where there is conflict in the testimony, even though we may feel that other inferences are as reasonable. Id at 844 (citing Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Canter v. Koehring Co., 283 So.2d 716, 724 (La.1973).) As long as there is a reasonable factual basis for the finding of the trial court, we may not reverse even though we might have weighed the evidence differently. The factfinder’s choice between two permissible views of the evidence cannot be manifestly wrong or clearly erroneous. Id.
We can not say the trial court was clearly wrong since the trial judge had the opportunity to observe the demeanor and tone of the witnesses and we can only look *516 at the record. As between Louise Samanie and Michael Samanie, she has been determined to be the owner. The firm of Sama-nie & Barnes, as well as any other claimant, may proceed according to the law to prove and enforce their respective rights of ownership, if any, of the vehicle. However, Samanie & Barnes is not a party in this litigation and therefore, its ownership interest in the vehicle is not before the court.
Michael Samanie further contends that, if the vehicle is found to be the property of Louise Samanie, then he or the firm of Samanie & Barnes is entitled to reimbursement for expenses of maintenance, repair and/or preservation of the automobile. Since this issue was not submitted to the trial court, it is not within the scope of review of the appellate court. Shepherd v. Allstate Ins. Co., 562 So.2d 1099, 1102 (La.App. 4th Cir.1990) (citing Uniform Rules, Courts of Appeal, Rule 1-3).
Por the reasons above, the trial court’s judgment is affirmed. All costs are assessed to the appellant.
AFFIRMED.