664 So.2d 551 (1995)
Dianne Stanford SOILEAU, Plaintiff-Appellee,
v.
Louis A. SOILEAU, Defendant-Appellant.
No. 95-578.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
Eric LaFleur, IDB, Ville Platte, for Dianne Stanford Soileau.
*552 John Blake Deshotels, Ville Platte, for Louis A. Soileau.
Before YELVERTON, DECUIR and PETERS, JJ.
DECUIR, Judge.
This is an appeal from a trial court's ruling granting use of a vehicle to Dianne Stanford Soileau, the estranged spouse of Louis A. Soileau. We affirm.

FACTS
Dianne Stanford Soileau and Louis Soileau physically separated on or about September 16, 1994, and formally filed for divorce on September 22, 1994. In addition, Dianne filed a rule to show cause why she should not be placed in possession of a 1993 Mercury Tracer for her use until the community property is properly partitioned.
Dianne was the only witness to testify at the hearing on the rule. She indicated that the parties had owned a Spectrum automobile, which they traded in on the Tracer at issue in this case. Dianne testified further that Louis used money he had obtained as back payment of Veterans Administration benefits to purchase the car for her. She indicated that Louis had bought the vehicle for her and told her that he was doing so because she deserved it.
Apparently, after the separation, Louis reconsidered. He used a key in his possession to remove the car from the parking lot of Dianne's place of employment while she worked inside. Since he also owned a Ford Truck, Dianne filed the rule at issue here to recover the Tracer so that she too might have transportation pending partition of the property.
Louis offered no evidence at the hearing. He contended that Dianne's own testimony indicated that the Tracer had been purchased with his separate funds and that she had failed to prove a donation of the vehicle. The trial court disagreed, finding that the vehicle had been donated and was therefore part of the community. The trial judge ordered that Dianne be placed in possession of the Tracer with the condition that she first provide proof of insurance. Defendant lodged this suspensive appeal.

DISCUSSION
On appeal, Louis contends that the trial court exceeded its authority under La.R.S. 9:374 in assigning for the exclusive use of a spouse the separate movable of the defendant spouse. We disagree.
Louisiana law states that title to motor vehicles may be transferred between the parties in accordance with the provisions of the Civil Code even though they have not complied with the Vehicle Certificate of Title Law (La.R.S. 32:701 et seq.). Touchet v. Guidry, 550 So.2d 308 (La.App. 3 Cir.1989). Under the provisions of the Civil Code, the manual gift of a corporeal movable accompanied by real delivery is not subject to any formality. La.Civ.Code art. 1539; Samanie v. Samanie, 599 So.2d 514 (La.App. 4 Cir.), writ denied, 605 So.2d 1149 (La.1992). Therefore, ownership between parties can change without a transfer of title.
In this case, the trial court concluded that Louis Soileau intended to give, and in fact did give, the Mercury Tracer to Dianne. The title was not in the record and its contents are immaterial to the trial court's determination. The standard for our review of the trial court's ruling is set forth in Rosell v. ESCO, 549 So.2d 840 (La.1989). That opinion does not allow us to disturb reasonable evaluations of credibility and reasonable inferences of fact where there is a conflict in the testimony even though we may feel that other inferences are as reasonable. Id. As long as there is a reasonable factual basis for the finding of the trial court, we may not reverse even though we might have weighed the evidence differently. The factfinder's choice between two permissible views of the evidence cannot be manifestly erroneous or clearly wrong. See Canter v. Koehring Co., 283 So.2d 716 (La.1973).
The trial judge had the opportunity to observe the demeanor and tone of the lone witness. Dianne testified that Louis gave her the Tracer because she deserved it. She further testified that a community vehicle was traded in as part of the purchase price of *553 the Tracer. Louis offered no evidence to rebut either of these statements. The trial court found that a donation by manual gift had taken place. We find no error in that conclusion.
Accordingly, defendant's contention that the trial court's ruling erroneously awarded Louis' separate property to Dianne is without merit. The trial judge properly concluded that the Tracer was not separate property.
Dianne Soileau contends that this appeal is frivolous and requests that Louis Soileau be cast for costs and attorney's fees. Despite appellant's less than adequate presentation at the trial level, we cannot say that this appeal was so lacking in merit as to be deemed frivolous. Appellee's request for attorney's fees is therefore denied.
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed against defendant-appellant, Louis Soileau.
AFFIRMED.