PADOVANO, Judge.
Tadaryl Williams appeals an order summarily denying his motion for postconvietion relief under rule 3.850 of the Florida Rules of Criminal Procedure. We reverse. The trial court failed to attach portions of the record conclusively showing that the defendant is not entitled to relief. Therefore the order is insufficient to support a summary denial of the motion.
The sole claim asserted in the postconviction motion is that the defendant’s 1986 conviction for attempted felony murder must be vacated under the holding in State v. Gray, 664 So.2d 552 (Fla.1995), that attempted felony murder is not a crime. This claim was accompanied by an argument that the two-year time limit in rule 3.850(b) does not bar relief because the supreme court’s decision in Gray is a fundamental change in the law that must be applied retroactively. The trial court summarily denied the motion on the ground that the defendant had asserted a similar claim in a previous postconviction motion which had been denied. No record of the prior proceeding was attached to the order.
Rule 3.850(f) authorizes the trial court to dismiss a successive postconviction motion if the motion fails to allege a new ground for relief, or if the court finds that the failure to assert the ground in a previous motion is an abuse of the process. However, an order dismissing or denying a successive motion that is facially sufficient cannot be reviewed under the summary procedure in rule 9.140(f) of the Florida Rules of Appellate Procedure unless the material parts of the record in the previous case are attached to the order. Bell v. State, 585 So.2d 496 (Fla. 2d DCA 1991). *1218 As explained in rule 9.140(i), the record in an appeal from an order summarily denying a motion under rule 3.850 or rule 3.800(a) consists of “conformed copies of the motion, order, motion for rehearing, and order thereon, and attachments to any of the foregoing.” Because the material portions of the record in the earlier posteonviction proceedings are not attached to the order of summary denial in this case, we are unable to determine whether the motion was correctly denied under rule 3.850(f) as a successive motion.
We reverse with directions to attach the portions of the record that support a summary disposition under rule 3.850(f) or to adjudicate the merits of the defendant’s claim.
Reversed.
ALLEN and MICKLE, JJ., concur.