817 So.2d 937 (2002)
Carlos NUNEZ-MEDINA, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-4021.
District Court of Appeal of Florida, First District.
May 22, 2002.
*938 Appellant, pro se.
Robert A. Butterworth, Attorney General, and James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Carlos Nunez-Medina appeals an order denying his motion for postconviction relief under rule 3.850 of the Florida Rules of Criminal Procedure. We reverse and remand for further proceedings.
Nunez-Medina entered a plea of guilty to a charge of aggravated battery on June 8, 1999. Imposition of sentence was withheld and he was placed on probation. He subsequently violated his probation and was sentenced on March 14, 2000, to 15 years' imprisonment. He then filed a motion to mitigate sentence and his sentence was reduced to a term of five years' imprisonment.
On June 22, 2001, Nunez-Medina filed a motion for postconviction relief under rule 3.850 of the Florida Rules of Criminal Procedure. The trial judge denied relief, noting that: 1) appellant had previously filed a 3.850 motion on September 28, 2000; 2) the initial motion was denied on November 15, 2000, without prejudice to amend the motion within 30 days; and 3) the instant motion was not filed within the allotted 30-day time period. The trial judge attached a copy of the November 15, 2000, order which states in part:
The Defendant seems to be challenging the March 14, 2000 Judgment and Sentence given that the Defendant states that "the plea hearing, subsequent judgment of conviction, and sentencing was on March 14, 2000." However, the Defendant states that he entered a plea at the advice of counsel. The Defendant did not enter a plea on March 14, 2000. The Defendant rejected a plea on the record. On page 3, lines 6-18 of the Transcript, VIOLATION OF PROBATION HEARING AND SENTENCING, March 14, 2000, the plea offer of eighteen months was clearly rejected. The Court held a full violation of probation hearing. After reading Defendant's statement of facts supporting his motion, and Defendant's allegations, it appears Defendant believes he entered a plea at his violation of probation hearing. For example, on page 8, in the last paragraph of Defendant's motion, he states that counsel persuaded him to take a plea for 15 years Department of Corrections by promising Defendant that he would deport him within 30 days to Honduras. Defendant received a fifteen year sentence after a violation of probation hearing, not as a result of plea negotiations. Defendant makes several allegations in "Issue I" and "Issue II" that his plea was involuntary. Defendant's *939 claims in "Issue I" and "Issue II" are unclear and insufficient given that the Court is unable to determine whether Defendant is challenging the plea entered at his original sentencing or the plea which Defendant mistakenly believes he entered after he violated probation.
Additionally, in "Issue I" and "Issue II" Defendant makes several statements of law but never explains how the law applies to the facts of his case. Defendant also makes several conclusive allegations which he does not support with any facts or demonstrate any prejudice.... Defendant's motion is further facially insufficient given that Defendant fails to indicate whether he appealed his judgment and sentences.
As for "Issue III," Defendant states that his rights were violated when officers did not inform him of his rights under the Vienna Convention or contact the Honduran consulate post following his arrest. He also claims counsel was ineffective for failing to object or move to suppress his statements. While the motion is facially insufficient, the Court notes that remedies available for violation of a requirement under the Vienna Convention on Consular Relations that foreign nations who have been arrested be informed of their right to notification of their consulate do not include suppression of evidence. (Citation omitted). Even if those remedies were available they would not be available absent a showing of prejudice. Defendant has not made a showing of prejudice.
It is therefore Ordered and Adjudged that Defendant's Motion be and the same hereby is dismissed without prejudice so that the Defendant may amend his motion or file a facially sufficient Motion for Postconviction Relief, pursuant to Rule 3.850 Florida Rules of Criminal Procedure, within thirty (30) days of the date of this order. Defendant also has the right to appeal this order within (30) thirty days from the date of this order.
In the order on appeal, the trial judge concluded that because Nunez-Medina did not file the "new" motion within the 30 days allowed by the court in the initial order and was not granted an extension of time within which to do so, any issues that were addressed in both motions were not "new" and would be treated as successive. The trial judge determined that such issues included allegations regarding ineffective assistance of counsel, whether he was informed of his rights under the Vienna Convention, whether the Honduran Consulate was contacted, failure to establish a factual basis for the charge, and any alleged language problems. The trial judge determined that the new issues in the second motion were issues which could have been raised in the prior motion and that appellant did not allege or otherwise demonstrate justification for failing to raise these issues in the first motion.
Rule 3.850(f) authorizes the trial court to dismiss a successive postconviction motion if the motion fails to allege a new or different ground for relief and the prior determination was on the merits or, if new and different grounds are alleged, the court finds that the failure to assert the ground in a previous motion is an abuse of the process. The restriction against successive motions on the same grounds is applied only when the grounds raised were previously adjudicated on their merits, and not where the previous motion was summarily denied or dismissed as legally insufficient. Williams v. State, 689 So.2d 1217 (Fla. 1st DCA 1997); Browning v. State, 687 So.2d 950 (Fla. 1st DCA 1997). Although the trial judge attached a copy of the initial order, that *940 order clearly demonstrated that there was not a determination on the merits.
We reverse with directions to adjudicate the merits of the defendant's claim.
REVERSED and REMANDED.
ERVIN, BARFIELD, and VAN NORTWICK, JJ., concur.