PER CURIAM.
Appellant, Juan Aquino, appeals an order summarily denying his amended post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Concluding that the trial court erred in ruling that the amended motion was untimely and successive, we reverse the order and remand. See Haag v. State, 591 So.2d 614, 617 (Fla.1992) (adopting the mailbox rule, which provides that a motion is considered filed when a pro se inmate presents it to the correctional institution for mailing); Nunez-Medina v. State, 817 So.2d 937, 939 (Fla. 1st DCA 2002) (“The restriction against successive motions on the same grounds is applied only when the grounds raised were previously adjudicated on their merits, and not where the previous motion was summarily denied or dismissed as legally insufficient.”). On remand, the trial court is instructed to determine whether Appellant’s amended motion is facially sufficient. If the court so determines, it must attach portions of the record conclusively refuting Appellant’s claims, hold an evidentiary hearing, or grant relief.
REVERSED and REMANDED for further proceedings.
DAVIS and POLSTON, JJ., and LAWRENCE, Jr., L. ARTHUR, Senior Judge, concur.