NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**20-595**


**JOSHUA PARKER**

**VERSUS**

**LENIN ZUBIA, SR., ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2018-3294
HONORABLE RONALD F. WARE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, John E. Conery, and D. Kent Savoie, Judges.


**AFFIRMED.**

**Van C. Seneca**
**Peyton N. Robertson**
**Plauche, Smith & Nieset, LLC**
**1123 Pithon Street**
**Lake Charles, LA 70605**
**(337) 436-0522**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Farmers Texas County Mutual Insurance Company**
    **Aurora Barrajas**
    **Reynalda Orona**

**Curtis L. Guillory**
**The Adeline Law Firm, LLC**
**1011 Lakeshore Drive, Suite 402**
**Lake Charles, LA 70601**
**(337) 453-7939**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Joshua Parker**

**Robert H. Ford**
**Fogler, Brar, Ford, ONeil, & Gray, LLP**
**909 Fannin Street, Suite 1640**
**Houston, TX 77010**
**(713) 481-1010**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Joshua Parker**

**SAUNDERS, Judge.**

This case involves an appeal from a granted Motion for Summary Judgment dismissing three defendants from a suit related to a vehicle accident. Two of the dismissed defendants brought the motion due to alleging that they were not the owners of the vehicle involved in the accident as they sold the vehicle two days prior to the accident. The third dismissed defendant was the insurance provider of the alleged former owners of the vehicle.

**FACTS AND PROCEDURAL HISTORY:**

On August 9, 2017, Joshua Parker (Parker) was driving a 2013 Dodge Ram pickup truck on Interstate 10 in Calcasieu Parish, Louisiana. Parker was rear-ended in a motor vehicle accident with Defendant Lenin Zubia (Zubia) who was driving a 2008 Ford F250. Parker filed suit against Zubia and his alleged insurer, National General Insurance Company (National). Because Zubia provided the responding police officer with the insurance card as proof of insurance that listed Aurora Barajas (Barajas) and Reynalda Orona (Orona) as owners of the vehicle insured by Farmers Texas County Mutual Insurance Company (Farmers), Parker also sued Barajas, Orona, and Farmers alleging that Barajas and Orona were the owners of the vehicle driven by Zubia and Farmers provided insurance on the vehicle.

National denied liability asserting that Zubia did not purchase any insurance on the vehicle. Thereafter, Parker voluntarily dismissed National. Next, Farmers filed a Motion for Summary Judgment alleging that neither Barajas nor Orona owned the vehicle involved in the accident as they sold it to Zubia two days prior to the accident. As such, according to Farmers, their policy of insurance on the vehicle was also terminated two days prior to the accident. This motion was supported by affidavits of Barajas and Orona and a Bill of Sale signed by Barajas.

The trial court granted the Motion for Summary Judgment on November 12, 2017, thereby dismissing Parker's claims against Barajas, Orona, and Farmers. Parker appeals.

**DISCUSSION OF THE MERITS:**

Parker asserts that the trial court erred by granting Farmers' Motion for Summary Judgment and the motion was only supported by "self-serving" evidence and a Bill of Sale that is dated after the accident.

> Courts of appeal review summary judgments de novo applying the same analysis as the trial court. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966 provides that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Hardy v. Bowie*, 98-2821 (La. 9/8/99), 744 So.2d 606.

*Berard v. Home State County Mut. Ins. Co.*, 11-1372, p. 2 (La.App. 3 Cir. 5/9/12), 89 So.3d 470, 471–72.

In the case before us, Parker brings a standard motor vehicle accident negligence claim against Barajas and Orona as owners of a negligently driven vehicle that injured him, and against Farmers as the insurer of that vehicle. Parker has the burden to prove these essential elements at trial on this matter. Thus, Farmers does not have to negate every element of Parker's claim, but merely has to point out that Parker lacks factual support for a necessary element of the claim, namely that Farmers issued a policy of insurance that covers the vehicle owned by Barajas and/or Orona and driven by Zubia.

Farmers supports its motion with an affidavit signed by both Barajas and Orona stating that they sold the 2008 Ford F250 to Zubia on August 7, 2017, two days prior to the accident. Attached to the affidavit is a Bill of Sale dated August 18, 2017, which states: "I, Aurora Barajas from Presido Texas have sold to Lenin Anaya Zubia from Presido Texas a vehicle with the below descriptions. This vehicle was sold in as is conditions on August 7, 2017." The vehicle in the August 9, 2017 accident is then listed by VIN, Year, Make and Model. The Bill of Sale is signed only by "Seller – Aurora Barajas."

First Parker alleges in brief that the Texas Department of Motor Vehicle registration reflects that the 2008 Ford F250 driven by Zubia was owned by Barajas and insured by Farmers on August 9, 2017, the date of the accident. However, Parker points to no evidence in the record to support this allegation. Further, under Louisiana law, Louisiana Civil Code articles relating to sale of movables governs the sale of a motor vehicle, not certificate of title laws. See *Hayden v. Spencer*, 04-1140 (La.App. 3 Cir. 2/2/05), 894 So.2d 551, *writ denied*, 05-982 (La. 6/3/05), 903 So.2d 464; *Soileau v. Soileau*, 95-578 (La.App. 3 Cir. 11/2/95), 664 So.2d 551; *Biggs v. Prewitt*, 95-315 (La.App. 1 Cir. 10/6/95), 669 So.2d 441, *writ denied*, 96-1035 (La. 5/31/96), 674 So.2d 264; *Sherman v. State Farm Mut. Auto. Ins. Co.*, 413 So.2d 644 (La.App. 1 Cir.), *writ denied*, 414 So.2d 776 (La.1982); *Scott v. Continental Ins. Co.*, 259 So.2d 391 (La.App. 2 Cir.1972); *Luke v. Theriot*, 195 So.2d 685 (La.App. 1 Cir.1967).

Next, Parker asserts that this affidavit and Bill of Sale have no value because they are self-serving, post-date the accident, and fail to show valid transfer of ownership. Therefore, according to Parker, the alleged sale is a simulation. As such, Parker argues that the trial court erroneously granted the Motion for Summary

Judgment because a genuine issue of fact exists whether a valid transfer of ownership transpired.

The party alleging that the purported sale was a simulation bears the burden of proving with reasonable certainty that the sale was simulated. *Thompson v. Woods*, 525 So.2d 174 (La.App. 3 Cir.1988). Specifically, regarding the Bill of Sale, Parker argues its invalidity because only the seller, Barajas, signed the instrument. Thus, according to Parker, the Bill of Sale is invalid because it does not show the consent of the parties, namely Zubia's, to enter into the sale. We disagree.

We find instructive the jurisprudential exception to the rule of La.Civ.Code art. 1837 requiring both parties to sign an act under private signature. This jurisprudential exception is that the signature of only one party renders the act valid when the party who signed the act asserts its validity and the conduct of the party who did not sign the act indicates acceptance of the benefits of the contract. La.Civ.Code art. 1837 Comment (b).

In this case, Barajas asserts the Bill of Sale is valid and Zubia, the purported buyer, had possession of the vehicle and accepted the benefits of the sale by using the vehicle on the date of the accident. Thus, we find that Parker produced no evidence that he can carry his burden to prove that the sale was a simulation whereby Barajas and/or Orona were the owners of the vehicle and Farmers provided insurance coverage of the vehicle on the date of the accident.

Thereafter, Parker argues that summary judgment was inappropriate because there is a question as to whether Texas or Louisiana Law applies regarding whether a valid sale transpired. This is not relevant. The burden is not on Farmers to show whether Texas or Louisiana applied in proving that Barajas and/or Orona did not own the vehicle and, as such, that it did not have a policy insuring the vehicle. The burden is on Parker to produce evidence that Farmers insured the vehicle because

4

Barajas and/or Orona owned the vehicle. Parker has not produced any evidence of ownership and coverage other than argument in brief.

Finally, Parker argues that even if a valid sale of the vehicle took place, it did not do so until the date of the Bill of Sale, August 18, 2017. This argument is without merit.

As we stated above, Louisiana Civil Code articles relating to sale of movables govern the sale of a motor vehicles. Louisiana Civil Code Article 2456 states, "Ownership is transferred between the parties as soon as there is agreement on the thing and the price is fixed, even though the thing sold is not yet delivered nor the price paid." Louisiana Civil Code Article 2439 provides that a "[s]ale is a contract whereby a person transfers ownership of a thing to another for a price in money. The thing, the price, and the consent of the parties are requirements for the perfection of a sale." Here, Parker has produced no evidence that any element of a sale was lacking in the transaction sworn to in the affidavit signed by Barajas and Orona.

**CONCLUSION:**

Joshua Parker appeals the granting of Farmers Texas County Mutual Insurance Company's Motion for Summary Judgment dismissing defendants Aurora Barajas, Reynalda Orona, and Farmers Texas County Mutual Insurance Company. After a de novo review of the record applying the same analysis as the trial court, we find that the grant of the Motion for Summary Judgment was appropriate. Costs of this appeal are to be paid by Joshua Parker.

**AFFIRMED.**