BOLIN, Judge.
This case involves a determination of the boundary between a tract of land owned by plaintiff and one owned by defendant. After hearing testimony from surveyors appointed by each party, the trial court rendered judgment determining the boundary to be as described in the plat by plaintiff’s surveyor. We vacate that judgment and remand the case for the appointment of a surveyor by the court pursuant to Louisiana Code of Civil Procedure article 3692.
Plaintiff and defendant traced their titles back to a common ancestor who at one time owned the entire ten acres involved. Two acres of this ten were sold to plaintiff’s immediate ancestor in title and later the other eight were sold to defendant.
The controversy arose when defendant had his tract surveyed soon after he purchased it and erected a fence around his property in conformity with that survey. Plaintiff thought this fence encroached upon his property and consequently had another survey made. This survey indicated defendant’s fence had encroached 62 feet onto plaintiff’s property.
At trial, both surveyors were called as expert witnesses. The testimony indicated the two surveys differed due to the fact that the surveyors disagreed as to the correct location of the corner marker of the section involved, which each used as his starting point. However, neither made any effort to check the correctness of this quarter section corner with any established government corners. Both surveyors admitted the section had never been properly surveyed and neither surveyed the entire ten acres involved. There is little evidence to indicate which starting point, if either, was the correct one. No independent survey was conducted.
Judgment was rendered in favor of plaintiff recognizing him as owner of the two-acre tract as described in his deed and as shown by the plat of his surveyor. Defendant appeals, contending ownership was never at issue since he admitted plaintiff was the owner of two acres as described in his deed of acquisition, and that the evidence before the court was insufficient to support a judgment delineating a boundary between the two tracts.
We agree. The only evidence available to the court for the determination of the location of the boundary between the two tracts was two surveys which were in conflict and entitled to no legal significance since neither was commenced from a proven government corner. In Beene v. Pardue, 79 So.2d 356 (La.App.2d Cir. 1955) this court noted that “to begin a survey at a disputed and unproven corner when there were available regular Government corners, as we have pointed out before, was error.” In that case the court repudiated a survey commenced at an iron pipe supposedly located at the corner of a township since there was insufficient evidence to justify a conclusion as to the correctness of the location of the pipe.
In Houston Ice & Brewing Co. v. Murray Oil Co., 149 La. 228, 88 So. 802 (1921), the court was faced with conflicting surveys, one of which had to be incorrect. There, the court remanded the case for a new *133 survey to be made by a surveyor selected by the judge.
Code of Civil Procedure article 3692, as amended in 1977,[1] permits the trial court to appoint an independent surveyor in boundary actions. Prior to the amendment of the article it was the mandatory duty of the court to appoint the surveyor. Although this duty is now discretionary, in a case such as this where the court is presented with two conflicting surveys, neither of which was properly made, we find the trial eourt abused its discretion in not appointing an independent surveyor. A surveyor should be appointed to prepare a plat showing the entire ten acres involved, the plaintiff’s two acres and the defendant’s eight acres.
The judgment is vacated and the case remanded for further proceedings in conformity with law and consistent with the views expressed herein. All costs to await the final determination of the case.

. Article 3692.
The court may appoint a surveyor to inspect the lands and to make plans in accordance with the prevailing standards and practices of his profession indicating the respective contentions of the parties.