434 So.2d 600 (1983)
BREN LYNN CORPORATION, Plaintiff-Appellant,
v.
Daniel R. VALLIERE, Defendant-Appellee.
No. 83-83.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1983.
*601 Edward, Stefanski & Barousse, Larry C. Dupuis, Crowley, for plaintiff-appellant.
W.H. Whitaker, Lafayette, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and YELVERTON, JJ.
GUIDRY, Judge.
The plaintiff, Bren Lynn Corporation, brought this suit against Daniel R. Valliere seeking recovery of property damage incurred in an automobile accident. The trial court found the defendant, Daniel R. Valliere, free of negligence, and dismissed the demands of the plaintiff. The plaintiff appeals.
The sole issue on appeal is whether the trial court erred in finding the defendant free of negligence.
The accident which forms the basis of this suit occurred on January 27, 1980. Shortly after noon, a 1978 Cadillac owned by the plaintiff and being driven by its employee, E.J. Dugas, was proceeding in a westerly direction on Pont des Mouton Road, a two-lane road in Lafayette Parish. The defendant, driving a 1969 Oldsmobile, was travelling in the same direction on Pont des Mouton Road, just ahead of the plaintiff's vehicle. Dugas pulled the plaintiff's vehicle into the left lane in order to pass the defendant's vehicle. As he began to execute the passing maneuver, the defendant swerved to the left in order to avoid a pothole in the right lane. To avoid a collision with the defendant's vehicle, Dugas steered the Cadillac to the left, onto the dirt shoulder. The plaintiff's vehicle eventually landed in the ditch on the left side of the road. The two vehicles did not collide. However, as a result of having been driven into the ditch, the plaintiff's vehicle sustained damage estimated at $1,213.84.
Dugas testified that the defendant's vehicle drove him completely off the road, and that it was necessary for him to drive his vehicle into the ditch in order to avoid a collision. The defendant testified that while he swerved to avoid the pothole, he never left his proper lane of travel (right lane) and he never lost control of his vehicle.
The plaintiff asserts that the trial court's determination that the defendant was not negligent is clearly erroneous.
Appellate courts must give weight to the conclusions reached by the trier of fact, and where there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appeal absent clear error. Canter v. Koehring Co., 283 So.2d 716 (La. 1973); Bertrand v. Aetna Casualty and Surety Company, 306 So.2d 343 (La.App. 3rd Cir.1975), writ denied, 310 So.2d 641 (La.1975).
*602 In the instant case, the trial judge apparently accepted the version of the facts attested to by the defendant. According to the defendant, he never left his lane of travel and never lost control of his vehicle. This testimony clearly supports the conclusion that the defendant was not negligent. We find no clear error in the trial court's acceptance of the defendant's version of the facts and its conclusion that the defendant was not negligent.
The plaintiff also asserts that the trial court erred in applying the Sudden Emergency Doctrine in absolving the defendant of liability. According to the doctrine, one who finds himself in imminent danger, without sufficient time to weigh and consider all of the circumstances or means of avoiding danger, is not guilty of negligence if he fails to choose what subsequently appears to be the better method. Kahoe v. State Farm Mutual Automobile Insurance Company, 349 So.2d 1345 (La. App. 1st Cir.1977), writ denied, 350 So.2d 1212 (La.1977). The plaintiff contends that the pothole in the road did not create an emergency of a magnitude sufficient to warrant the application of the doctrine, and that the trial court erred in relying on it.
We need not consider whether the pothole created such an emergency. The trial court gave no indication that it relied on the doctrine in absolving the defendant of liability. Furthermore, application of the doctrine is not necessary to a conclusion that the defendant was free from negligence. Our review of the record convinces us that the trial court's determination was based on its acceptance of the defendant's version of the facts, and not on an application of the Sudden Emergency Doctrine.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant.
AFFIRMED.