LABORDE, Judge.
Mr. and Mrs. Robert L. Durr, plaintiffs, instituted this suit against Mr. and Mrs. Gary N. Beard, defendants, to establish a common boundary separating their respective contiguous tracts of land. Defendants reconvened by asserting possession of a disputed portion of land lying between the purported boundary and a meandering fence on plaintiffs’ property. The trial court held that defendants were not in possession and fixed the boundary in conformity with a field book “sketch” provided by plaintiffs’ surveyor. Defendants appeal the trial court decision. We conclude that *758 the proper procedure would have been for the court to appoint a surveyor to establish the boundary. Hence, we affirm in part, vacate in part and remand for further proceedings.
PACTS
This suit resulted after the parties failed to complete an extrajudicial boundary agreement. The purported boundary runs in an east-west direction. There is a power line right-of-way immediately north of, and parallel to the boundary line. This right-of-way was generally and historically recognized by the parties as the boundary separating them. However, the exact location of the boundary has never been ascertained. An old meandering fence line located south of the right-of-way and on plaintiffs’ property was the only line of demarcation in the general area. The defendants are owners of the northern tract and claim that they have been in possession of the southern most part of their property extending across the right-of-way and down to the meandering fence line on plaintiffs’ land.
In an effort to resolve the dispute, each party had the boundary independently surveyed. Both surveyors commenced their survey from the same geographical point (iron rod) of beginning. It was established at trial that this iron rod was an unestablished point within the section being surveyed. This iron rod was represented by plaintiffs, to the surveyors, to be the center post of the section. There was no evidence presented at trial to corroborate this representation made by plaintiffs.
After each survey was completed, defendants’ survey line ended approximately ten feet south of plaintiffs’ survey, at the extreme west end of the line. Because of this inconsistency neither party was willing to accept the surveyed results of the other. The issues on appeal are as follows:
1) Whether defendants were in possession of the disputed area extending from their southern boundary down to the meandering fence line on plaintiffs’ property, and;
2) Whether the trial judge abused his discretion by relying on the field book “sketch” of plaintiffs’ surveyor to fix the boundary rather than ordering a court appointed surveyor to establish the same.
ISSUE # 1
Defendants assert that they were in possession of the disputed boundary area situated between their southern boundary and the old meandering fence line on plaintiffs’ land. This area extends from defendants’ southern boundary, across the right-of-way, onto plaintiffs’ property and up to the meandering fence line. Defendants claim that they are in possession by having cut firewood in the area, planted trees, and having erected a one-strand fence along the meandering line.
Based on the evidence, the trial court held that defendants were not in possession of the area. Testimony of the defendant, Mr. Beard, was rejected by the court as being unreliable. Further, defendants’ erection of a one-strand wire along the old fence line was found to be no more than a very weak and desparate bad faith attempt to establish a last minute claim of possession to the property in question.
It is settled law, that in the absence of an abuse of discretion or manifest error, the conclusions reached by the trier of fact shall be accorded great weight by the appellate courts on review, and shall not be disturbed on appeal in the absence of clear error. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Bren Lynn Corporation v. Valliere, 434 So.2d 600 (La.App. 3rd Cir.1983). We conclude that the record amply justifies the trial court’s finding that defendants were not in possession of the disputed area. Accordingly, we agree with this portion of the trial court’s judgment.
ISSUE # 2
After hearing testimony of each survey- or and several other witnesses, the trial judge exercised his discretion pursuant to *759 LSA-C.C.P. art. 3692 and fixed the boundary in conformity with the field book “sketch” provided by plaintiffs’ surveyor, Billy Crow. (See Appendix “A”). Mr. Crow testified that he did not pursue any measures to locate an established starting point in the course of his survey, but merely began at an iron rod which was pointed out to him by plaintiff, Mr. Durr. Crow was unable to produce a survey plat at trial and stated that he would have to make further measurements and do more field work before preparing a plat. Defendants’ surveyor was of the same opinion. However, Mr. Crow did produce a field book “sketch” of the boundary, which the trial court accepted as an accurate reflection of the boundary. Review of the record reveals that neither of the surveyors commenced their survey from an established point. Nor would they state under oath, that it was their opinion that the iron post from which they commenced their respective surveys was an established point. Both surveyors expressed doubt as to the accurateness of the iron post. Nevertheless, the trial court relied exclusively on the Crow “sketch” to fix the boundary.
Plaintiffs contend that the necessity of a court appointed surveyor in a boundary action has been abrogated by newly enacted LSA-C.C.P. art. 3692, which provides:
“The court may appoint a surveyor to inspect the lands and to make plans in accordance with the prevailing standards and practices of his profession indicating the respective contentions of the parties.” (Emphasis Added)
We realize that the article vests the trial court with much discretion. There may be exceptional cases where sufficient evidence is presented at trial, where the court is relieved of the necessity to appoint a surveyor to resolve the matter. However, such a case is not before us in this instance. The only evidence offered to the trial judge in this boundary action was a field book “sketch”, which is disputed by defendants. The defendants presented an independent and separate surveyed account opposing the plaintiffs’ sketch. We hold that neither survey is entitled to any legal significance, since neither was commenced from a proven or established government point of beginning. Perkins v. Mullins, 367 So.2d 131 (La.App. 2nd Cir.1979).
We therefore hold that the trial judge abused his discretion by making this boundary determination in the absence of sufficient evidence. Beene v. Pardue, 79 So.2d 356 (La.App. 2nd Cir.1955). Our holding as to this portion of the judgment is consistent with the required standards related to boundary surveys as set forth in McMichael v. Williams, 111 So.2d 542 (La.App. 1st Cir.1959) where the court stated:
“However, any line established by survey must be verified and its location substantiated by credible corroborative evidence upon which the courts can act with reasonable assurance of doing substantial justice as between the adverse litigants.
* ⅜: * * ⅜ *
The procedure adopted by Webb (the surveyor) impresses us as being unsound, arbitrary and not in keeping with the highest standard of the profession. His method of establishing the line does not meet the requirements of quality on which this court feels it could conscientiously adjudicate the differences between the parties now before us.” (Parenthetical Added)
Reviewing courts will defer to a trial judge’s reasonable decision on a matter properly within his discretion. However, in this instance the trial court’s reasons for judgment indicate that the court’s decision was based on principles far removed from the standards set forth in Perkins, supra, and McMichael, supra. Such deviations from the established law, as well as the court’s erroneous interpretation of LSA-C. C.P. art. 3692, is not entitled to deference on review by us. The broad discretionary power embodied in LSA-C.C.P. art. 3692 and granted to the trial court is qualified by reasonableness and equity. Prior to the amendment of the article, it was the duty of the court to appoint the surveyor. Although this duty is now discretionary in a *760 case such as this, where the court is presented with two conflicting surveys, neither of which were properly made, we find that the proper exercise of discretion would have been to appoint a surveyor. We hold that the trial judge abused his discretion by failing to appoint a surveyor in this instance.
Accordingly, a surveyor should be appointed by the trial court to properly survey the land in question and prepare an appropriate plat consistent with the standards of the profession.
DECREE
For the reasons stated above, the judgment of the trial court is affirmed insofar as it holds that defendants are not in possession of the disputed portions of land. The remainder of the judgment is vacated and set aside and the case is hereby remanded for further proceedings in conformity with the views herein. All costs are to be divided equally between the parties. '
AFFIRMED IN PART; VACATED IN PART AND REMANDED.
*761 APPENDIX “A”
[[Image here]]