|,KUHN, J.
Plaintiffs-appellants, Leonard J. and Elaine Sullivan, appeal that portion of the trial court’s judgment that purports to fix the boundary of a contiguous tract of property belonging to defendant-appellee, Sam Salvador Vinci, located in West Feliciana Parish.[1] Finding the evidence insufficient to support a judgment delineating a boundary between the two tracts, we vacate and remand.
In 1945, Santo Vinci (Santo) donated an eight-acre tract to his grandson defendant-appellee, Sam Vinci (Vinci). Santo owned an approximately 914-acre tract, known as the Wyoming Plantation, which was situated on both sides of old Highway 61 (now known as Commerce Street). The donation identified the eight-acre tract transferred to Vinci as:
A certain piece or parcel of land with all the buildings and improvements thereon, and all the rights, ways, privileges and appurtenances thereunto belonging to or in anywise appertaining, situated a short distance below the Town of St. Francisville, La., fronting Eight Hundred and Fifty (850) feet on State Highway Sixty-One (61), commencing at an iron stake on the South side of said State Highway 61, where the fence West of the pond adjoining the residence property of Mrs. Rose Rosso Vinci intersects the fence running alongside said State Highway 61; thence along said State Highway 61 in a Westerly direction a distance of eight hundred and fifty feet to an iron stake, and running back between parallel lines a sufficient distance to contain, embrace and include Eight (8) acres of land, and being a portion of the Wyoming Plantation acquired by Donor from W.R. Daniel and *1178 J.R. Daniel, as will appear in the Conveyance Records of this said Parish.
The eight-acre lot is referred to as Lot 1. It is undisputed that Vinci’s eight-acre tract was not fenced in or otherwise set out by natural boundaries.
|sAfter Santo’s death, along with other heirs, the parties acquired co-ownership interests in the remainder of the Wyoming Plantation. In 1988, they sought a judicial partition of their interests in the plantation. In conjunction with the partition suit, Walter C. Snyder was appointed to survey the Wyoming Plantation. Although not officially prepared as a certified survey or recorded, Snyder prepared a “work map,” which identified the location of the 913.78-acre plantation. The Sullivans and Vinci, along with other heirs, continued to co-own the Wyoming Plantation. On November 8, 2000, they entered into an Act of Partition whereby each obtained full ownership of portions of the former Wyoming Plantation. A survey prepared by Tobias Ford, Jr., depicted the transferred acreage, expressly identifying the eight-acre tract (Lot 1) which Vinci had acquired in 1945, along with additional acreage, de-marked as Lots 2, 3, and 4. Because the parties were already disputing the location of Lot 1 in relation to former U.S. Highway 61, the Act of Partition expressly stipulated that the adoption of Ford’s map of survey “is not intended to otherwise adopt, delineate, or effect the remaining boundary lines of Lot 1 (8.00 acres) shown thereon, which is separately owned by” Vinci. This boundary suit, instituted by the Sulli-vans, followed.
The issue raised by the Sullivans in this appeal is whether the northwestern boundary of Vinci’s eight-acre tract comprising Lot 1 commences at the center line of old U.S. Highway 61 or whether it is fixed along the right-of-way to old Highway 61. Despite the parties’ reliance on the earlier surveying work done by Snyder and Ford, the record is devoid of any evidence establishing the nature of the ownership of old Highway 61. Although the parties agree that old Highway 61 is owned by the State, the record does not contain any information to confirm this |4or to establish the nature of the ownership of the highway. The Sullivans urge that the State was transferred only the servitude for the highway and that, in accordance with the customary practice, the boundary line is properly fixed at the centerline of old Highway 61 and, on appeal, maintain that the trial court’s conclusion to the contrary is error.
- In rendering judgment, the trial court ordered that the boundary of Lot 1 “be fixed in accordance with the legal description,” shown in the 1945 donation and:
further in accordance with the survey prepared by [Snyder] in the [1988 partition suit] except that the western boundary for the property ... is hereby fixed along the right of way for [old Highway 61] rather than the center line ... with a distance of 850 [feet] along the right of way for [old Highway 61], The northern and southern boundaries of said eight acre tract shall extend, as shown on the aforementioned survey, in an easterly direction so as to encompass an area of eight (8) acres, with the end points of said boundary lines being connected by a line parallel to that shown on the Snyder survey, constituting the east line of the property, it being intended that only eight (8) acres of land shall be found within the final boundaries as provided for herein.
But neither the 1945 act conveying by donation the eight-acre tract to Vinci nor the working map of survey prepared by Snyder establishes the right of way of old Highway 61 so as to permit the trial court to fix the northwestern boundary of Lot 1. And without situating of old Highway 61, *1179 there is no established point to commence a delineation of the boundaries of Lot 1, including that which would separate the parties’ tracts. See Durr v. Beard, 443 So.2d 757, 759 (La.3d Cir.1983) (judgment vacated where neither survey commenced from an established point); see also Perkins v. Mullins, 367 So.2d 131, 132 (La.App. 2d Cir.1979) (judgment vacated where only evidence before the court were two surveys neither of which commenced from a proven government corner). Accordingly, we vacate the trial court’s judgment and remand for the trial court to fix a boundary. See La. C-C.P. arts. 3692 & 3693. Appeal costs are assessed one-half to plaintiffs-appellants, Leonard J. and Elaine Sullivan, and one-half to defendant-appellee, Sam Vinci.
VACATED AND REMANDED.

. That portion of the judgment rendered in favor of the Sullivans, rejecting Vinci’s claim for possession of land beyond that called for in his title was not appealed.