STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-1372

NORBERT BERARD, SR.

VERSUS

HOME STATE COUNTY MUTUAL INS. CO.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20103163
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Billy H. Ezell, J. David Painter, James T. Genovese, and Shannon J. Gremillion, Judges.

REVERSED.

Genovese, J., dissents and assigns written reasons.
Ezell, J., dissents for the reasons assigned by Genovese, J.


Richard Riley Montgomery
Briney, Foret & Corry
P. O. Box 51367
Lafayette, LA 70505-1367
(337) 237-4070
COUNSEL FOR DEFENDANT/APPELLEE:
    Home State County Mutual Ins. Co.

Harry Karl Burdette
The Glenn Armentor Law Corp.
300 Stewart St.
Lafayette, LA 70501
(337) 233-1471
COUNSEL FOR PLAINTIFF/APPELLANT:
    Norbert Berard, Sr.

**GREMILLION, Judge.**

We are called upon to determine whether the trial court properly granted summary judgment in favor of Home State County Mutual Insurance Company, dismissing the demands of Norbert Berard, Sr. We conclude that it was not, for the reasons that follow.

## FACTS

On September 11, 2008, Berard was allegedly south-bound on Louisiana Highway 339 in Lafayette Parish. So was Julian Palma, who was driving a pickup truck owned by Rolando Mata. Palma continued operating Mata's truck in a south-bound direction, even after his path was interrupted by the rear-end of a vehicle driven by Joshua C. Reed. Reed's vehicle struck that driven by Shelly A. Reed, which then struck Berard's vehicle. As a result of the accident, Berard instituted the present litigation in May 2010 to recover for injuries he allegedly sustained. He sued Mata, Palma, their alleged liability insurer, Home State County, and his uninsured/underinsured motorist carrier, Progressive Security Insurance Company.

Home State County answered and denied coverage for Palma, who it maintains is not insured because he is not a resident relative of the named insured, Mata, and was not given permission to drive the vehicle by Mata. Berard attempted several times to serve Palma and Mata, including sending process servers into Mexico for that purpose. All attempts to serve them failed.

In September 2010, Home State County filed a motion for summary judgment in which it asserted that Palma was not an omnibus insured under its policy because Palma was not a licensed driver residing in Mata's home and did not have Mata's permission to drive the truck. In support of its motion, Home State County attached a certified copy of Mata's policy. The trial court heard the

matter on May 31, 2011. The trial court ruled that Berard had until June 10, 2011, to produce evidence showing that Palma had permission to drive the truck. When Berard failed to produce such evidence, the trial court granted Home State County's motion. Berard appeals.

**ASSIGNMENT OF ERROR**

Berard assigns two errors of the trial court:

I.   The trial court committed manifest error and was clearly wrong in finding that Home State County Mutual Insurance Company was not liable for Mr. Norbert Berard Sr.'s property damage and personal injuries.

II.  The trial court committed manifest error and was clearly wrong in finding that Julian Palma did not have express or implied permission to operate the vehicle at the time of the accident.

**ANALYSIS**

Courts of appeal review summary judgments de novo applying the same analysis as the trial court. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966 provides that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Hardy v. Bowie*, 98-2821 (La. 9/8/99), 744 So.2d 606.

2

Home State County supported its motion for summary judgment with a certified copy of the policy that demonstrates that an insured is defined as a person who possesses a valid driver's license and is either the named insured, any family member or resident of the named insured household who is listed in the declarations page, or a person operating the vehicle with the named insured's express or implied permission. Because the burden of proving that Palma was driving Mata's truck with Mata's permission rested with Berard, Home State County argued that the burden on summary judgment was Berard's to produce evidence that such permission had been granted. Because Berard could not produce such evidence, the trial court granted Home State County's motion.

This argument ignores the express wording of article 966(C)(2), which provides, "The burden of proof remains with the movant." Because Home State County would not bear the burden of proof at trial, though, it was not required to "negate all essential elements of the adverse party's claim, action, or defense, but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense." *Id.* How does one point out that there is an absence of factual support for one or more elements of the adverse party's claim? That question is answered by La.Code Civ. P. art. 967.

Article 967(A) provides that supporting affidavits shall be made on personal knowledge, shall set forth facts admissible into evidence, and shall show that the affiant is competent to testify at trial. Section (B) provides, "When a motion for summary judgment is made *and supported as provided above* [in Section (A)], an adverse party may not rest on the mere allegations and denials of his pleadings, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial." (Emphasis added).

3

A party cannot simply file a motion for summary judgment that lacks proper support under Section (A) and rely on the fact that the opposing party will bear the burden of proof at trial. The threshold issue to consider on summary judgment is whether the moving party carried its burden of proof. Only then does the burden of production shift to the party opposing the motion. It is true that Berard will bear the burden of proving at trial that Palma was a permissive user. *Manzella v. Doe*, 94-2854 (La. 12/8/95), 664 So.2d 398. But, Home State County had the burden on summary judgment to affirmatively show through affidavits, depositions, or other admissible evidence that a lack of factual support exists for the proposition that Palma was *not* a permissive user. All it succeeded in showing is that Palma was not the named insured.

We recognize the quandary this analysis presents. Because the whereabouts of Palma and Mata have proven difficult to establish, the parties find themselves in a holding pattern. However, expedience and judicial economy do not supplant the requirements a party must meet in order to obtain summary judgment. Such a motion must be properly supported with supporting evidence before it may be granted.

## CONCLUSION

Motions for summary judgment must be properly supported by admissible evidence, regardless of who will bear the burden of proof at trial. In the present case, Home State County merely alleged that Berard cannot produce evidence that Palma was not a permissive user of Mata's vehicle. And while that allegation may indeed prove true, it does not serve to shift the burden of production to Berard. The judgment of the trial court is reversed. All costs of these proceedings are taxed to defendant/appellant, Home State County Mutual Insurance Company.

**REVERSED.**

4

# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 11-1372

**NORBERT BERARD, SR.**

**VERSUS**

**HOME STATE COUNTY MUTUAL INS. CO.**

**GENOVESE, J., dissents, and assigns the following reasons.**

I disagree with this court's opinion reversing the trial court's grant of summary judgment in favor of the insurer. In my view, the majority completely misconstrues the intent, application, and purpose of summary judgment.

In this case, the tortfeasor, Mr. Palma, rear-ended a vehicle which caused a collision involving several vehicles, one of which struck Plaintiff's vehicle and injured him. At the time of the accident, Mr. Palma was operating a vehicle owned by a Mr. Mata and insured by Home State County Mutual Insurance Company (Home State). Plaintiff sued Mr. Palma, Mr. Mata, and Home State. Defendant, Home State, then filed a Motion for Summary Judgment which was granted by the trial court, and Plaintiff appealed.

The only evidence before the trial court for consideration at the hearing on Defendant's Motion for Summary Judgment was the Home State liability policy. Plaintiff offered no evidence (no affidavit, deposition, or otherwise) that the insured, Mr. Mata, gave either express of implied permission to the driver, Mr. Palma.

Though, under La.Code Civ.P. art. 966, Defendant has the initial burden of proof in this summary judgment proceeding, that burden shifted to the Plaintiff when the Mata policy did not list the driver (Mr. Palma) as a named insured. At

that point, Plaintiff had the burden of proving that Mr. Palma was either an omnibus insured or a permissive user according to the policy. This, Plaintiff did not do.

Thus, in order for there to be coverage available to Plaintiff pursuant to the Home State policy, it is the Plaintiff (not the Defendant) that must prove all essential elements of his case; particularly, he must prove that Mr. Palma was a permissive driver or an omnibus insured. Because Plaintiff failed to prove this essential element of his case, i.e., that Mr. Palma was a permissive driver or an omnibus insured, there is no question of material fact, and Plaintiff loses.

This case hinges on the "burden of proof." It is not the insurance policy which shifts the burden of proof; it is the law (jurisprudence) that places the burden of proving "permissive user" status on the person claiming that status—and that would be the plaintiff. The jurisprudence is clear and unequivocal. The plaintiff has the burden of proving the express or implied permission of the insured in order to obtain coverage under the omnibus clause of an automobile liability policy. La.R.S. 32:900(B)(2); *Arceneaux v. Norman*, 05-1536 (La.App. 3 Cir. 2006), 931 So.2d 484. All the defendant in this case had to do was to "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La.Code Civ.P. art. 966(C)(2) (emphasis added). There is no factual dispute in this case that Home State, the defendant insurer, "pointed out" to the court that the tortfeasor was neither a permissive driver, nor a family member or resident of the household.

Plaintiff produced no evidence that Mr. Palma was driving the vehicle insured by Home State with the express or implied permission of Mr. Mata or that Mr. Palma was a family member or resident of Mr. Mata's household. Therefore,

2

Plaintiff will not be able to prove this essential element of his case and, thus, this summary judgment must be sustained.

Plaintiff's only saving grace would have been to prove that he was not afforded adequate time for discovery. Well, that argument fails since Plaintiff was given over a year and four continuances by the trial court in order to locate Mr. Palma or Mr. Mata or someone in order to get an affidavit or deposition to establish that Mr. Palma was a permissive user or an omnibus insured. This case cannot be left open forever. The law only requires that a reasonable amount of time be given, and the trial court allowed more than a reasonable amount of time for adequate discovery.

Simply put, Plaintiff did not prove an essential element of his case; hence, there is no question of material fact, and Defendant is entitled to summary judgment as a matter of law. I find the trial court to be 100% correct; hence, I respectfully dissent from the majority and would affirm the trial court's grant of summary judgment in favor of Defendant's insurer.