STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-565


STACY DENISE WOLF, ET VIR.

VERSUS

STUART NALL, ET AL.



**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 243,648
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE


**********


SHANNON J. GREMILLION
JUDGE


**********


Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.



AFFIRMED.



**Michael L. Glass**
**Attorney at Law**
**1733 White Street**
**Alexandria, LA 71301**
**(318) 484-2917**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     Stuart Nall

**Howard N. Nugent, Jr.**
**Nugent Law Firm**
**330 St. James Street**
**Alexandria, LA 71301**
**(318) 445-3696**
**COUNSEL FOR THIRD-PARTY APPELLEE:**
     **Melanie B. Landers**


**James Huey Gibson**
**Allen & Gooch**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1000**
**COUNSEL FOR THIRD-PARTY APPELLEE:**
     **Southern General Agency, Inc.**


**Andrew Parker Texada**
**Stafford, Stewart & Potter**
**P. O. Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**COUNSEL FOR THIRD-PARTY APPELLEES:**
     **BancorpSouth Ins. Services, Inc.,**
          **d/b/a Wright & Percy**
     **Dwayne Moore**


**Jonathan Clyde Vidrine**
**West & Vidrine**
**P. O. Drawer 1019**
**Ville Platte, LA 70586**
**(337) 363-2772**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Stacy Denise Wolf**
     **David Lee Wolf, III**


**Keith Alex Kornman**
**Degan, Blanchard & Nash**
**400 Poydras Street, #2600**
**New Orleans, LA 70112**
**(504) 529-3333**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Certain Underwriters at Lloyd's London**

**Monique M. LaFontaine**
**Locke Liddell & Sapp**
**601 Poydras Street, Suite 2660**
**New Orleans, LA 70130**
**(504) 558-5133**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Stuart Nall**
     **Wright & Percy Ins., Inc.**
     **BancorpSouth Ins. Services, Inc.**
     **Alexandria Flea Market & Storage**

**GREMILLION, Judge.**

In this personal injury matter, plaintiffs/appellants, Stacy Denise Wolf and David Lee Wolf, III, appeal the motion for summary judgment granted to Stuart Nall. We affirm.

## FACTS AND PROCEDURAL HISTORY

Stacy Wolf and David Wolf, III, asserted in their petition for damages that on or about May 28, 2011, Mrs. Wolf was shopping at the Alexandria Flea Market and Storage facility owned by Stuart Nall. A bookcase near one of the flea market stalls fell on her, injuring her neck, back, and right arm. She sued Mr. Nall, Affirmative Risk Management (an alleged insurer of the flea market), and "Lloyds London Insurance Company."[1] The suit sought damages for Mrs. Wolf's injuries and Mr. Wolf's loss of consortium.

Mr. Nall answered the suit and interpleaded Ms. Melvina B. Landers, the merchant in whose stall the bookcase was located, and who had agreed to indemnify and defend Mr. Nall. He later filed a cross claim against those certain underwriters at Lloyd's, alleging that they insured the premises of the flea market, which was further alleged to be owned by SWN, LLC.

A motion for summary judgment was filed by Mr. Nall, supported by the depositions of Mrs. Wolf and Ms. Landers. In summary, Mr. Nall argued that he did not control the bookcase and had no knowledge of any hazard it presented. The Wolfs filed an opposition to Mr. Nall's motion on January 10, 2014.

Mr. Nall's motion for summary judgment was heard on January 13, 2014. Counsel for Mr. Nall objected to the late filing of the Wolfs' memorandum and

---

[1] The Wolfs amended their petition to name "Certain Underwriters at Lloyd's, London subscribing to certificate OM-SMP-A0142." They dismissed their demands against Affirmative Risk Management.

moved to strike it and all exhibits thereto. Mr. Nall argued that the attachments to the Wolfs' memorandum did not change the analysis or demonstrate any genuine issue of material fact. The Wolfs argued that there were genuine issues of material fact regarding the safety precautions Mr. Nall employed, if any, to ensure the safety of the flea market's patrons. The trial court agreed that the Wolfs' submissions were not filed timely and sustained Mr. Nall's objection to them. Judgment was signed in open court. This appeal followed.

## ANALYSIS

The standard of review of summary judgments have become axiomatic:

> Courts of appeal review summary judgments de novo applying the same analysis as the trial court. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966 provides that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Hardy v. Bowie*, 98–2821 (La.9/8/99), 744 So.2d 606.

*Berard v. Home State County Mut. Ins. Co.*, 11-1372, p. 2 (La.App. 3 Cir. 5/9/12), 89 So. 3d 470, 471-72.

*Summary of the Evidence Presented by Mr. Nall*

Mr. Nall submitted excerpts from the depositions of Mrs. Wolf and Ms. Landers to support his motion. Mrs. Wolf testified that she and a friend were standing at the entrance of Ms. Landers' booth when she felt something hit her from behind. Two men lifted the bookcase off her, and an ambulance was called to transport her to the emergency room. Before the accident, Mrs. Wolf had seen the

bookcase, which she described as tall. She noticed nothing unusual about the bookcase. Ms. Landers told her she owned the bookcase.

Ms. Landers denied that the bookcase was hers. A man tried to sell it to her, but she did not want it because it was too tall, over six feet in height. She testified that she first saw it in the back of the man's pickup, and did not see him unload it outside her stall. The bookcase had been placed on gravel just off the sidewalk in front of her stall.

*Legal Analysis*

Louisiana Civil Code Article 2317 provides, "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the acts of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications." Louisiana Civil Code Article 2317.1 further provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

A defendant's burden of proof on summary judgment has been succinctly stated:

> A party cannot simply file a motion for summary judgment that lacks proper support under [La.Code Civ.P. art. 967] Section (A) and rely on the fact that the opposing party will bear the burden of proof at trial. The threshold issue to consider on summary judgment is whether the moving party carried its burden of proof. Only then does the burden of production shift to the party opposing the motion.

*Berard,* 89 So.3d at 472. Therefore, Mr. Nall was required to demonstrate an absence of material fact as to one or more of the essential elements of the Wolfs' claims before the burden of production shifted to them.

3

One of the essential elements of the Wolfs' claims is proof that the bookcase presented an unreasonable risk of harm and that in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Both Mrs. Wolf and Ms. Landers testified that they saw the bookcase. Mrs. Wolf specifically testified that she saw nothing unusual about the bookcase. Further, Mrs. Wolf stood directly in front of the bookcase; one might presume that had she thought the bookcase represented an unreasonable hazard, she would not have remained in its proximity. Accordingly, we find that Mr. Nall carried his burden of proving that the bookcase did not represent an unreasonable risk of harm, and that the risk of harm was reasonably foreseeable.

*Summary of the Evidence Presented by the Wolfs*

The Wolfs did not timely file their opposition. La.Code Civ.P. art. 966(B)(1) provides for the filing of an opposition within the delays set forth in Uniform Rules—District Courts, Rule 9.9, which requires that memoranda opposing a motion must be submitted to the judge and served on the parties at least eight calendar days before the hearing. They argue, however, that Rule 9.9(e) provides that a party who violates the time period merely forfeits the right to oral argument. In *Guillory v. Chapman*, 10-1370 (La. 9/24/10), 44 So.3d 272, a per curiam opinion granting an application for writs of certiorari or review, the Louisiana Supreme Court held that a trial court did not abuse its discretion in excluding an affidavit filed by a plaintiff in opposition to a motion for summary judgment less

4

than eight days before the hearing.[2] Most recently, this court held that a trial court did not abuse its discretion in striking the affidavit of an expert witness when the same was served six days before the hearing. *Rogers v. Hilltop Ret. & Rehab. Ctr.*, 13-867 (La.App. 3 Cir. 2/12/14) ___ So.3d ___.

Conversely, in *Smith v. Rapides Healthcare Sys., L.L.C.*, 13-1172 (La.App. 3 Cir. 3/5/14), 134 So.3d 122, *writ denied*, 14-734 (La. 5/23/14), 140 So.3d 728, this court held that the trial court did not abuse its discretion in considering an opposition filed seven days before the hearing. These cases are not cited for the proposition that there exists a bright-line rule regarding the number of days before a hearing after which an opposition should not be considered; rather, they illustrate the wide discretion the trial court enjoys.

The petition in the case at bar was filed on January 24, 2012. The motion for summary judgment was filed on April 3, 2013. The order fixing the date of the hearing on that motion was signed on April 4, 2013, and fixed the hearing a full two months in advance, June 10, 2013. Mrs. Wolf's deposition was taken on October 24, 2012. Ms. Landers' deposition was taken on February 25, 2014. The deposition of Ms. Dana Hawkins, who accompanied Mrs. Wolf on the date of the accident, was not taken until May 13, 2013. That same day, the deposition of Ms. Lynne Braswell, another vendor who leased space from the flea market, was taken. The Wolfs had ample opportunity to prepare an opposition to the motion. Accordingly, we find that the trial court did not abuse its discretion in refusing to consider the Wolfs' evidence in opposition to Mr. Nall's motion.

---

[2] Uniform Rules—District Courts, Rule 9.9(e) was added in 2002, effective April 1, 2002, initially as paragraph (c), and amended to re-designate it as paragraph (d).

## CONCLUSION

The Wolfs' evidence in opposition was filed late. The trial court did not abuse its discretion in failing to consider it. However, before we even consider that issue, Mr. Nall was required to put forward evidence that demonstrated that there existed no genuine issue of material fact regarding any essential element of the Wolfs' claims. He did. No genuine issue of material fact exists regarding whether the bookcase represented an unreasonable risk of harm or that it was foreseeable. Accordingly, the judgment of the trial court is affirmed. All costs of this appeal are taxed to plaintiffs/ appellants, Stacy Denise Wolf and David Lee Wolf, III.

**AFFIRMED.**