NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-149

RILEY MOUTON

VERSUS

EAN HOLDINGS, LLC, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2012-10489
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

**********

D. KENT SAVOIE
JUDGE

**********

Court composed of John D. Saunders, John E. Conery, and D. Kent Savoie, Judges.

AFFIRMED.

**Donna E. Powe Green**
**Attorney at Law**
**Post Office Box 17947**
**Hattiesburg, Mississippi  39404**
**(601) 271-9031**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**EAN Holdings, LLC**
**Kyle Jordan**

**Riley Mouton**
**210 East Eleventh Street**
**Jennings, Louisiana  70546**
**(337) 230-3343**
**IN PROPER PERSON:**
**Riley Mouton**

**SAVOIE, Judge.**

Plaintiff Riley Mouton appeals the ruling of the trial court which granted Defendants EAN Holdings, L.L.C. (EAN) and Kyle Jordan's Motion for Summary Judgment and dismissed Mouton's claims. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On May 11, 2011, Mouton was a guest passenger in a vehicle driven by Kyle Jordan when the vehicle was involved in an accident. The vehicle had been rented from EAN. The vehicle was traveling eastbound on Interstate 10 at approximately seventy miles per hour between Jennings and Lafayette, Louisiana, when a hit-and-run driver sideswiped it, causing it to flip. Mouton sustained injuries as a result of the accident.

Mouton filed a Petition for Damages on May 10, 2012, against Jordan and EAN.[1] Jordan and EAN filed an Answer and a subsequent Motion for Summary Judgment. After a hearing on October 31, 2016, the motion was granted, and Mouton's claims were dismissed. Mouton now appeals.

## LAW AND DISCUSSION

I. *Standard of Review*

The standard of review for motions for summary judgment is set forth as follows:

> Courts of appeal review summary judgments de novo applying the same analysis as the trial court. *Schroeder v. Bd. of Supervisors of La. State Univ.,* 591 So.2d 342 (La.1991). Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966 provides that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden does not

---

[1] Mouton also filed suit against Nationwide Mutual Insurance Company, however, Mouton later dismissed them with prejudice.

require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Hardy v. Bowie*, 98-2821 (La. 9/8/99), 744 So.2d 606.

*Berard v. Home State County Mut. Ins. Co.*, 11-1372, p. 2 (La.App. 3 Cir. 5/9/12), 89 So.3d 470, 471–72.

### II. Liability of Kyle Jordan

Defendants attached the deposition testimony of Riley Mouton in support of the motion for summary judgment. Mouton states that, at the time of the accident, Jordan had the cruise control set on seventy miles per hour. When asked how Jordan was driving, Mouton stated that "he was driving correct." He was driving "the way he was supposed to" and was staying in his lane. The Jordan vehicle was riding in the right lane behind an 18-wheeler. Mouton stated that Jordan put on his blinker and moved into the left lane in order to pass the 18-wheeler. Mouton further stated that Jordan allowed an appropriate amount of time and distance between their car and the 18-wheeler to make the move. Mouton testified that a Kia Soul then attempted to pass their vehicle from the right side and move into the left lane in front of them. This was done even though there was very little space between the Jordan car in the left lane and the 18-wheeler in the right lane. While the driver of the Kia Soul was attempting to "shoot the gauntlet", it sideswiped the Jordan vehicle, causing Jordan to lose control of the vehicle. As he attempted to gain control, he overcorrected, and the vehicle flipped. Mouton testified that there was nothing Jordan could have done to avoid the accident.

"A motorist who attempts to change lanes on a multiple lane highway must ascertain before attempting the maneuver that it can be made safely without endangering oncoming traffic." *Brewer v. J.B. Hunt Transport, Inc.*, 09-1408, p. 15 (La. 3/16/10), 35 so.3d 230, 241. On the roadway, the left lane is the passing lane. La.R.S. 32:73. When passing, there should be a safe distance between the vehicles and sufficient time to do so. *Id.* According to the sudden emergency doctrine, "[o]ne who finds himself in imminent danger, without sufficient time to weigh and consider all of the circumstances or means of avoiding danger, is not guilty of negligence if he fails to choose what subsequently appears to be the better method." *Bryn Lynn Corp. v. Valliere*, 434 So.2d 600, 602 (La.App. 3 Cir. 1983).

It is clear from the deposition testimony of Mouton that Jordan faced a sudden emergency event. The driver of the Kia Soul attempted to pass on the right side of the interstate and did not do so with sufficient time or distance, thereby resulting in the accident at issue. According to Mouton, there was nothing Jordan could have done that would not have resulted in an accident. Mouton cannot be held liable for the actions of the driver of the Kia Soul, who left the scene and has not been identified.

### III. Liability of EAN Holdings, L.L.C.

The only allegation of liability against EAN in the petition is that EAN owned the vehicle operated by Jordan and occupied by Mouton. It is well-settled that the negligence of a lessee in the exclusive physical control of the object of the lease cannot be imputed to the lessor. *Dixie Drive It Yourself Sys. v. American Beverage Co.,* 242 La. 471, 137 So.2d 298 (La.1962). Therefore, EAN cannot be liable to Mouton as owner of the vehicle without some other allegation of negligence, which is not present in this case.

## CONCLUSION

The judgment of the trial court is affirmed.  All costs of these proceedings are assessed to Riley Mouton.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.