# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 19-681


**BEQUNKIE BERGERON AND DASHA BERGERON**

**VERSUS**

**ELIZA MARTINEZ, JOSIE VILLALORO, COURTNEY RAMSAY**

**KYLIE RAMSAY, INDV. AND D/B/A PHARVIEW STABLES, LLP**

**AND FORD MOTOR COMPANY**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 18-C-0418-C
HONORABLE JAMES PAUL DOHERTY  JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## SHANNON J. GREMILLION
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and D. Kent Savoie, Judges.


**AFFIRMED.**

**Joseph Ritch**
**Elliott & Ritch**
**321 Artesian Street**
**Corpus Christi, TX 78401**
**(361) 883-3000**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Dasha Brayon Bergeron, child of Bequnkie Bergeron**
    **Sydni Deann Melancon, child of Bequnkie Bergeron**
    **Meagan Renee Bergeron, child of Bequnkie Bergeron**
    **Lakeisha Denee Hamilton, child of Bequnkie Bergeron**
    **Bradley Bergeron**
    **Carron Dekody Hamilton, child of Bequnkie Bergeron**
    **Bradley Bergeron as widower of Bequnkie Bergeron**

**Joshua Lewis**
**Attorney at Law**
**427 Chemin Metairie Road**
**Youngsville, LA 70592**
**(337) 552-2057**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Carron Dekody Hamilton, child of Bequnkie Bergeron**
    **Dasha Brayon Bergeron, child of Bequnkie Bergeron**
    **Sydni Deann Melancon, child of Bequnkie Bergeron**
    **Meagan Renee Bergeron, child of Bequnkie Bergeron**
    **Lakeisha Denee Hamilton, child of Bequnkie Bergeron**
    **Bradley Bergeron**
    **Bradley Bergeron as widower of Bequnkie Bergeron**

**David J. Calogero**
**David J. Calegaro, APLC**
**1031 Camellia Blvd.**
**Lafayette, LA 70508**
**(337) 593-1123**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Kylie Ramsay**
    **Courtney Ramsay**

**Douglas W. Truxillo**
**Onebane Law Firm**
**P. O. Drawer 3507**
**Lafayette, LA 70502-3507**
**(337) 237-2660**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Pharview Stables, LLP**

**GREMILLION, Judge.**

The Plaintiffs/Appellants, Carron Dekody Hamilton, Dasha Brayon Bergeron, Sydni Deann Melancon, Meagan Renee Bergeron, Lakeisha Denee Hamilton, Bradley Bergeron, and Bradley Bergeron (the Bergerons), appeal the summary judgment in favor of Defendants/Appellees, Courtney Ramsay, Kylie Ramsay, and Pharview Stables (the Pharview Defendants), dismissing their demands against those defendants. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL POSTURE

This matter arises from an automobile accident that occurred on April 7, 2017. According to the petition, Dasha Bergeron was driving a 2000 Ford Focus on Louisiana Highway 182, also known as North University Avenue, at or near its intersection with Interstate 49, when Eliza Martinez, driving a 2008 Nissan Murano, failed to yield right-of-way and struck Bergeron, pushing her into a ditch. The Bergerons filed suit and named, among many defendants, the Pharview Defendants, the alleged employers of Martinez, who was allegedly in the course and scope of her employment. According to the petition, Dasha Bergeron and her guest passenger, Bequnkie Bergeron, were injured in this collision.

The Pharview Defendants filed a motion for summary in which they disputed the allegations that Martinez was employed by them. To support this contention, the Pharview Defendants presented the affidavits of Martinez, Ernestina Montoya-Gonzales, Jose Villatoro, Courtney Ramsay, and Kylie Ramsay.

Martinez attested in her deposition that at the time of the accident, she and her co-worker, Montoya-Gonzales, were en route to their place of employment, Chuy's Restaurant in Lafayette, Louisiana. She further attested that her husband, Villatoro, was employed at Pharview Stables and that the couple resided in a house there with

their children. Martinez denied telling anyone at the scene or elsewhere that she was trying to get medicine for the horses at the stables.

Montoya-Gonzales confiirmed that Martinez picked her up at her home. They were on their way to work at Chuy's when the accident occurred. Montoya-Gonzales testified that Martinez was not employed by Pharview Stables and was not on an errand for Pharview Stables.

Villatoro's affidavit confirmed that his wife was not employed at Pharview Stables and that she was en route to work at Chuy's at the time. Villatoro also confirmed that his wife was not using the vehicle for any errand on behalf of Pharview Stables, where Villatoro was employed as a laborer.

Courtney Ramsay attested that at all pertinent times, he was the owner of Pharview Stables, an equine training center in Arnaudville, Louisiana. Pharview Stables had two employees, Nicole Poret, the manager, and Jose Villtoro, a stable hand. At no time did the Pharview Defendants pay wages to Martinez, control Martinez's activities, task Martinez with performing any duties or responsibilities for them, or have any expectation that Martinez would perform any act on their behalf. The Pharview Defendants had no knowledge of Martinez's activities at the time of the accident. Pharview Stables' day-to-day operations did not involve the use of private automobiles. All feed, supplies, and medications were delivered by FeedPro or Dr. Marilyn Rumbaugh, the veterinarian. This testimony was echoed by Kylie Ramsay, who also owned Pharview Stables.

The Bergerons opposed the motion for summary judgment and presented the Uniform Motor Vehicle Traffic Crash Report, the affidavit of Dasha Bergeron, and employment records from Chuy's. Dasha Bergeron attested that after the accident, Martinez was talking with someone on her phone, at first in Spanish but later in

English. She recalled Martinez telling either the police officer or the person on the phone that she was picking up feed for horses.

The employment records, the Bergerons argue, show that neither Martinez nor Montoya-Gonzales worked at Chuy's on April 7, 2017. The records do reflect that neither worked that day.

The Bergerons argued that the statement overheard by Dasha Bergeron about Martinez picking up feed for the horses raises a genuine issue of material fact regarding her status as a servant of the Pharview Defendants. The Pharview Defendants argued that even were one to assume that Martinez stated that she was going to get feed for the horses, that fact does not establish a master-servant relationship between them. Further, the Pharview Defendants objected to the statement as hearsay.

The trial court reviewed the motion and opposition and ruled in favor of the Pharview Defendants, finding that there was no genuine issue of material fact regarding a master-servant relationship between Martinez and the Pharview Defendants. The Bergerons then perfected this devolutive appeal.

As their sole assignment of error, the Bergerons assert that the trial court erred in granting summary judgment because the "dueling affidavits" of Dasha Bergeron and Martinez create a genuine issue of material fact that precludes summary judgment.

## ANALYSIS

Courts of appeal review summary judgments de novo applying the same analysis as the trial court. *Schroeder v. Bd. of Supervisors of La. State Univ.,* 591 So.2d 342 (La.1991). Summary judgment is governed by La.Code Civ.P. arts. 966 and 967. Article 966 provides that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden does not require him to negate all essential elements of the adverse party's claim, action or defense, but

3

> rather to point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Hardy v. Bowie,* 98–2821 (La.9/8/99), 744 So.2d 606.

*Berard v. Home State Cty. Mut. Ins. Co.*, 11-1372, p. 2 (La.App. 3 Cir. 5/9/12), 89 So. 3d 470, 471–72.

The Pharview Defendants argue that the affidavit of Dasha Bergeron should not be considered because the statement of Martinez that she was picking up feed for the horses constitutes hearsay that is inadmissible in summary judgment. 2015 La. Acts No. 422, §1, significantly amended the summary judgment procedure outlined in La.Code Civ.P. art. 966. Among the amendments included in Act 422 is La.Code Civ.P. art. 966(D)(2), which provides:

> The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider.

The Pharview Defendants raised the issue of admissibility of Dasha Bergeron's affidavit in a reply memorandum filed into the record on July 16, 2019, after the motion for summary judgment was heard on July 12, 2019. The trial court considered the statement in Dasha Bergeron's affidavit and granted summary judgment anyway. We find no error in considering the statement, as the Pharview Defendants missed the deadline for filing their reply memorandum. *See* La.Code Civ.P. art. 966(B)(3).

Louisiana Civil Code Article 2320, which imposes vicarious liability on masters and employers reads, in pertinent part, "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the

4

exercise of the functions in which they are employed." The Louisiana Supreme Court has indicated that determining whether a master-servant relationship exists requires:

> proof and assessment of several factors, including payment of wages by the employer, the employer's power of control, the employee's duty to perform the particular act, the time, place and purpose of the act in relation to service of the employer, the relationship between the employee's act and the employer's business, the benefits received by the employer from the act, the motivation of the employee for performing the act, and the reasonable expectation of the employer that the employee would perform the act.

*Reed v. House of Decor, Inc.*, 468 So. 2d 1159, 1161 (La.1985). The factor that weighs most heavily in this calculus is the right of the putative employer to control the work of the putative employee. *Roberts v. State through La. Health and Human Res. Admin.*, 404 So.2d 1221 (La.1981). "The right of control necessarily encompasses supervision, selection and engagement, payment of wages or salary, and the power to dismiss." *Doe v. Parauka*, 97-2434, p. 5 (La. 7/8/98), 714 So.2d 701, 704.

Applying these principles to the present case, our initial task is to ascertain whether the Pharview Defendants met their burden of proof in establishing that there was no master-servant relationship between them and Martinez.

The Ramsays attested that they were the owners of Pharview Stables, which had two employees, Nicole Poret and Jose Villtoro, Martinez's husband. At no time did the Pharview Defendants pay wages to Martinez, control Martinez's activities, require Martinez to perform any duties or responsibilities for them, or have any expectation that Martinez would perform any act on their behalf. They further attested that they had no knowledge of Martinez's activities at the time of the accident. Pharview Stables' day-to-day operations did not involve the use of private automobiles. All feed, supplies, and medications were delivered by FeedPro or Dr.

Marilyn Rumbaugh, the veterinarian. This testimony covers every aspect of the master-servant relationship: selection and engagement, supervision, wages, and dismissal power. We find that the Pharview Defendants carried their burden of proof on summary judgment. Our next task is to determine whether the Bergerons established their burden of producing evidence sufficient to create a genuine issue of material fact.

Nothing in Dasha Bergeron's affidavit addresses the core elements of a master-servant relationship. It simply states that Martinez said she was picking up feed for horses. Assuming that this was a mission for the Pharview Defendants, it does not raise a genuine issue of material fact. As noted above, Article 2320 imposes liability on masters for the acts of their servants "in the exercise of the functions in which they are employed." This requires that the Bergerons prove that Martinez was in fact employed by the Pharview Defendants and that she was acting in exercise of the functions in which she was employed. The opposition and attachments do not establish even an inference that Martinez was in fact employed by the Pharview Defendants.

## CONCLUSION

The Pharview Defendants bore the burden of persuading the court that there was no genuine issue of material fact regarding the existence of a master-servant relationship between them and Martinez. This they accomplished; their affidavits directly addressed the core elements of a master-servant relationship. This shifted the burden of producing some evidence which created an issue of material fact to the Bergerons. The affidavit of Dasha Bergeron does not raise a genuine issue of material fact. Accordingly, the judgment of the trial court granting summary judgment is affirmed. All costs of this appeal are taxed to Plaintiffs/appellants, Carron Dekody Hamilton, Dasha Brayon Bergeron, Sydni Deann Melancon,

Meagan Renee Bergeron, Lakeisha Denee Hamilton, Bradley Bergeron, and Bradley

Bergeron.

**AFFIRMED.**